## Union Traction Company of Philadelphia *v.* Grubb.

*Auditor—Auditor's findings of fact—Mechanics' liens—Single building.*

An auditor's findings of fact that a building against which mechanics' liens were filed is a single building, and not one in two complete sections, will not be disturbed by the appellate court, where such finding has been confirmed by the court below, and there is nothing in the case to show fraud, clear error, or manifest lack of due consideration.

Argued Oct. 8, 1903. Appeal, No. 4, Oct. T., 1903, by Joseph Leedom, from order of C. P. No. 5, Phila. Co., June T., 1901, No. 3394, dismissing exceptions to auditor's report in case of Union Traction Company of Philadelphia, Assignee of the Electric Traction Company of Philadelphia, v. Louis J. Grubb. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of Samuel A. Boyle, Esq., auditor.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*E. Spencer Miller*, for appellant.

*William H. Harrison, Jr.*, for Frank Sweeney, appellee.

*Wayne P. Rambo* and *Ormond Rambo*, for Charles F. Felin, appellee.

*Winfield S. Walker* and *William Morris*, for Belmont Iron Works, appellee.

OPINION BY HENDERSON, J., March 14, 1904:

The appellant is a mortgage creditor, who claims against mechanics' liens filed by the several appellees. He contends that the appellees were not entitled to liens against the whole of the mortgaged property because of the fact that the building thereon was not erected as a single building, but in two complete sections, and that he acquired his mortgage after the completion of the first and before the commencement of the second section.

The auditor found that the building was designed and planned as one building;

That it was erected in accordance with the plans and specifications;

That the construction was continuous, and that the delay of about three weeks in the course of construction did not give a second commencement to the work;

That at the time the appellant took the assignment of the mortgage it was apparent to an observer that the building was not complete, and that the projectors had in contemplation further construction.

These findings of fact were confirmed by the court below, and we are not persuaded by the argument of the learned counsel of the appellant, nor by the evidence in the case, that the auditor was manifestly mistaken, or that he failed to give due consideration to the case.

While the appellant's second request for findings of fact (second assignment of error) was not categorically answered, it was substantially and comprehensively covered by the report.

All of the auditor's conclusions are sufficiently supported by the evidence presented to him.

It is unnecessary to cite authorities in support of the proposition that an appellate court will not disturb findings of fact of an auditor when confirmed by the court below except in case of fraud, or clear error, or for manifest lack of due consideration.

The assignments of error are therefore overruled and the judgment is affirmed.